ELSTON *vs.* WYLEY, GUARDIAN.

[FINAL SETTLEMENT OF GUARDIAN'S ACCOUNTS.]

1. *Guardian competent witness for himself; when.*—A guardian is a competent witness for himself, on final settlement of his guardianship.—Revised Code, § 2704.
2. *Former decisions.*—The former decisions of this court on investments by guardians, &c., in Confederate securities, cited.

APPEAL from the Circuit Court of Calhoun.

HEFLIN & McCRAW, for appellant.
FOSTER & FORNEY, *contra.*

BYRD, J.—I. The guardian was a competent witness.— *Walthall v. Walthall, Guardian,* in manuscript, January term, 1868.

II. Appellant assigns as error, that the court refused "to charge the guardian with the principal and interest due on the notes on Ross, Jones and Elston, as shown by the bill of exceptions." It appears from the account, that the

guardian did charge himself with the amounts of these notes and interest on them; and then interest is charged on the sum total to May 1st, 1865, and added the interest to the principal, and charged himself with interest on this sum to the 15th January, 1868, and credited himself by Confederate treasury-notes, securities, &c., on hand May 1st, 1865, and with interest thereon to 15th January, 1868, and with commissions and attorney's fees, both in blank. And the credits being deducted, left a balance against himself of $1,468 44. The court rendered a decree on this account against the appellee for the sum of $2,099 64. It does not appear how the court ascertained this sum to be due, although the bill of exceptions sets out all the evidence introduced on the trial. It seems to us that on the evidence, the court gave a decree for a larger amount than the appellant was entitled to recover, upon the principles settled in the following adjudications.— *Watson and Wife v. Stone, Guardian,* 40 Ala. 451; *Dockery v. McDowell,* ib. 476; *Neilson v. Cook,* ib. 498; *Schible v. Bacho,* in manuscript; *Hoffman v. Stoudemire,* in manuscript.

Such is the opinion of the court. My views on this question have been expressed in dissenting opinions in other cases.

There is no error of which appellant can complain, and the decree of the court is affirmed.